UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BOLLING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>B. CURRY, Warden; LINA MANGLIEMOT, RN; BARBARA AMRHEIM, SRN II; J. ABOYTES and P. G. DENNIS, Appeals Coordinators; and N. GRANNIS, Chief, Inmate Appeals Branch,<br><br>　　　　　Defendants.　　　　　　　　/ | No. C 07-3820 PJH (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, an inmate at the Correctional Training Facility, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that he had a severe headache on a weekend and asked defendant nurse Mangliemot to see a doctor. She told him he could not on a weekend because Mangliemot did not "think I was going to die," and to come back the next day. The attachments show that he has since been diagnosed as having had a stroke. He says that the result is slowness of speech, impaired memory, and slow thought processes.

This may well be sufficient to state a claim against Mangliemot, but because plaintiff has not alleged any specific facts as to what the other defendants allegedly did that violated his rights, the complaint must be dismissed with leave to amend.

Plaintiff should bear in mind that there is no respondeat superior liability in section 1983 cases such as this one – that is, a person cannot be held liable simply because he or she is the superior or supervisor of someone who did violate the plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To state a "plausible' claim he must allege facts regarding each person who is named as a defendant sufficient to "raise the

///

right to relief above a speculative level." *See Twombly*, 127 S. Ct. at 1964-65 (citations omitted).

## CONCLUSION

For the foregoing reasons,

1. For the foregoing reasons, the complaint is **DISMISSED** with leave to file an amended complaint, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 8, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\BOLLING3820.dwlta.wpd

3