UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RONALD BOLLING,

        Plaintiff,

    v.

B. CURRY, Warden; LINA MANGLIEMOT, RN; BARBARA AMRHEIM, SRN II; J. ABOYTES and P. G. DENNIS, Appeals Coordinators; and N. GRANNIS, Chief, Inmate Appeals Branch,

        Defendants.
                                  /

No. C 07-3820 PJH (PR)

**ORDER OF SERVICE**

This is a civil rights case brought pro se by a state prisoner. In the initial review order the court noted that he might well have stated a claim against one defendant, Mangliemot, but had not even alleged any facts regarding the others. The complaint therefore was dismissed with leave to amend.

When plaintiff did not amend, the court entered an order in which it said that perhaps the case should be allowed to proceed against Mangliemot, but that plaintiff's failure to amend or communicate with the court about it also might suggest that he was no longer interested in pursuing the case. He therefore was ordered to show cause why the case should not be dismissed for failure to amend. In response he has filed an amended complaint, without explanation. The amended complaint names only Mangliemot as a defendant.

Plaintiff's failure to explain why he did not amend within the time allowed could be the basis for dismissal, but given that he is pro se, the court will infer from the amended complaint that he did not intend to abandon the case. The order to show cause is

**DISCHARGED**.

The amended complaint now will be screened as required by 28 U.S.C. § 1915A(a).

## DISCUSSION

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claim**

In the original complaint plaintiff alleged that he had a severe headache on a

2

weekend and asked defendant nurse Mangliemot to see a doctor. She told him he could not on a weekend because Mangliemot did not "think [he] was going to die," and to come back the next day. The attachments showed that he subsequently was diagnosed as having had a stroke. He alleged that the result is slowness of speech, impaired memory, and slow thought processes. The court dismissed the complaint with leave to amend, saying that his allegations "may well be sufficient to state a claim against Mangliemot, but because plaintiff has not alleged any specific facts as to what the other defendants allegedly did that violated his rights, the complaint must be dismissed with leave to amend."

In the amendment plaintiff names only Mangliemot as a defendant. The other defendants thus will be dismissed. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992) (defendants not named in an amended complaint are no longer defendants). He includes in the amendment the specific allegations against Mangliemot which the court considered sufficient in the initial review order. The claim against Mangliemot will be served.

## CONCLUSION

For the foregoing reasons,

1. The claims against all defendants except Mangliemot are **DISMISSED**.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on Lina Mangliemot, RN. Plaintiff states that she can be found at the Correctional Training Facility. The clerk also shall serve a copy of this order on plaintiff.

3. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary

3

judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

  b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

 If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

  c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

  d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

 4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

 5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: June 17, 2008.

             PHYLLIS J. HAMILTON
             United States District Judge

G:\PRO-SE\PJH\CR.07\BOLLING3820.SRV.wpd

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.