UNITED STATES DISTRIC COURT

NORTHERN DISTRICT OF CALIFORNIA

FILED

JUL 14 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RONALD BOLLING,

        Plaintiff,

v.

Lina Mangliemot

        Defendants.

No. C 07-3820 PJH(PR)

Plaintiff's Notice Of Motion

For Summary Judgement

To Defendants'

Please take notice that under federal rule of civil proceedure rule 56, plaintiff's (Ronald Bolling) move this Court for Summary Judgement on the basis that there is no genuine issues of material fact, that he is entitled to judgement as a matter of law. this motion is based on this notice of motion and is accompanying memorandum of points and authorities, the supporting documentation, affidavits, exibits and other papers of file in relations to this action, and any other matters properly before the Court.

-1-

STATEMENT OF CASE

1. On April 8, 2008 I filed a complaint No.C 07-3820 PJH (PR)

2. This is a Summary Order Dismissing Complaint With Leave to Amend.

3. Complaint aledges that he had a severe headache on a weekend and asked defendant nurse Mangliemot to see a doctor. She told him he could not on a weekend because Mangliemot did not "think I was going to die," and to come back the next day. The attatchments show that he has since been diagnosed as having had a stroke. he says that the result is slowness of speach, impaired memory, and slow thought process.

    This may well be sufficent to state a claim against Mangliemot, but because plaintiff has not alledged any specific facts as to what the other defendants allegedly did that violated his rights, the complaint must be dismissed with leave to amend.

4. On May 21, 2008 The Court ORDER FOR PLAINTIFF TO SHOW CAUSE.

5. On June 17, 2008 ORDER OF SERVICE

    This is a civil rights case brought pro se byy a state prisoner. In the initial review order the court noted that he might well have stated a claim against one defendant, Mangliemot but had not even alledged any facts regarding the others. The complaint there for was dismissed with leave to amend.

    When the plaintiff did not amend, the court entered an order in which it said that perhaps the case should be allowed to proceed against Mangliemot, but the plaintiff,s failure to amend or communicate with the court about it also might suggest that he was no longer interested in pursuing the case. He

therefore was ordered to show cause why the case should not be dismissed for failure to amend. In response he has filed an amended complaint, without explanation. the amended complaint names only Mangliemot as a defendant.

Plaintiff's failure to explain why he did not amend within the time allowed could be the basis for dismissal, but given that he is pro se, the court will infer from the ammended ccomplaint that he did not intend to abandon the case. the order to show cause is DISCHARGED.

¶                DISCUSSION

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governamental entity or officer or employee of a governmentalentity.28 U.S.C.§1915A(a). In its review the court must identify any cognizable claims, and dismiss any claim which are frivolous, malicious,fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. ID.at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v.Pacifica Police Dept,901 F.2d 696 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "ashort and plain statement of theclaim showing that the pleader is intitled to relief." "Specific factsare not necessary;the statement needs only "give the defendant fair notice of what the....claim is and the grounds upon which it rests."" Erickson v.Pardus, 127 S. Ct. 2197, 2200 (2007)(citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations,...a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief

requires more than labels andconclusions, and a formulaic recitation of the elements of a cause of action will not do... Factual allegations must be enough to raise a right to relief that is plausible on its face." ID.at1986-87.

To state a claim under 42 U.S.C.§1983, a plaintiff must allege two essential elements: (1) that a right secured by the constitution or laws of the United States was violated,and (2) that the alleged deprivation was commited by a person acting under the color of statelaw. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claim

In the original complaint plaintiffs alleged that he had a severe headache on a weekend and asked nurse Mangliemot to see a doctor. She told him he could not on a weekend because Mangliemot did not "think [he] was going to die," and to comeback the next day. The attachments showed that he subsequently was diagnosed as having had a stroke. He alleged that the result is slownessof speech, impaired memory, and the slow thought processes. The court dismissed the complaint with leave to amend,saying that his allegations "may well be sufficent to state a claim against Mangliemot, but because plaintiff has not alleged anyspecific facts as to what theother defendants allegedly did that violated his rights, the complaint must be dismissed with leave to amend."

C. Deliberate Indifference to MedicalNeeds

Plaintiff alleges , in his amended complaint,that his Eighth Amendment rights were violated because they were deliberately indefferent to his serious medical needs by providing inadequate care. Specifically, plaintiff alleges that Mangliemot was deliberately indifferent to his medical needs.(See am. Compl.¶ 3)

The Eighth Amendment prohibits "unnecessary and wanton infliction

-4-

of pain." <u>Estelle v. Gamble</u>, 429 U.S. 97, 103 (1976) (quoting <u>Gregg v. Georgia</u>, 428 U.S. 153, 173 (1976). This principle "establishes the government's obligation to provide medical care for those whom is in incarceration." <u>ID</u>. The Supreme Court has noted that "[a]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." <u>ID</u>; <u>West v. Atkins</u>, 487 U.S. 42, 54-54 (1988).

Prison officials violate a prisoner's Eighth Amendment right to be free from cruel and unusual punishment if they are deliberately indifferent to the prisoner's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Hunt v. Dental Dep't</u>, 865 F.2d 198, 200 (9th Cir. 1989). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." <u>Gamble</u>; 429 U.S. at 104. Thus, the "existence of an injury that a resonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992).

"In order to show deliberate indifference, an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." <u>Wilson v. Seiter</u>, 501 U.S. 294, 302 (1991). The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. <u>Estelle</u>, 429 U.S. at 106; <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

1 | unless the delay causes substantial harm. See Wood, 900 F.2d at 1335; Shapely,
2 | 766 F. 2d at 407; Wesson, 910 F.2d at 284.
3 | E. Refusal of Treatment
4 | Plaintiff aleges that he was informed by Nurse Mangliemot
5 | that he was not goingto see a doctor that day, she did not
6 | think that his condition warrented seeing a doctor that day,
7 | then she took him to the nurses station a prescribed for him
8 | (6) motrin, See exibit B, invoice #209737.
9 | Accordingly, tothe allegations set forth in plaintiff's Amended
10 | complaint is true, and should be viewed in the light of most favorable to
11 | plaintiff, Conley, 355 U.S. at 45-46.
12 | F. Medical Needs
13 | Plaintiff argued that the treatment provided plaintiff was inappropriate
14 | and, the delay's in treatment, plaintiff's allegations are sufficent to
15 | state a claim. Nurse Mangliemot, prescribed (6)motrin to inmate Bolling
16 | and that his problem did not require medical attention from an doctor,
17 | because it was a weekend andthis was not sick call. See exibit (A) inmate
18 | appealform date (9-17-06).
19 | G. Appropriate Treatment
20 | Plaintiff, in his his amended complaint, alleges on (9-17-06) should
21 | have been seen by a doctor. If he was sent out to see a doctor early
22 | enough that maybe some of the out come could have stopped.
23 | See exibit (B) recognizing a stroke. As noted previously, differences in
24 | opinion between an inmate and prison medical personnel regarding appropriate
25 | care and treatment is not enough to establish a deliberate indifference
26 | claim. Sanchez, 891 F.2d at 242.
27 | A mere delay in treatment does not constitute a violationof the Eighth
28 | Amendment, unless the delay causes substantial harm. Wood, 900 F.2d at 1335; Shapely, 766 F.2d at 407; Wessen 910 F.2d at 284.

H. Nurse Mangliemot (Supervisory Liability)

Plaintiff alleges in his amended complaint that Nurse Mangliemot "is responsible for the welfare of any inmate she screens. Plaintiff claims that a person deprives another "of a constitutional right, within the meaning of section 1983, if he/she does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he/she is legally required to do that causes the deprivation of which [the plaintiff complains]. **Johnson** VS. **Duffy**, 588 F. 2d. 740, 743 (9th Cir. 1978). There is no respondant superior liability under 42 U.S.C. 1983. **Palmer** VS. **Sanderon**, 9 F.3d. 1433, 1437-38 (9th cir 1993). 42 U.S.C. § 1983 provides for relief only against those who, through their involvement as evidenced by affirmative acts, participation in anothers affirmative acts, or failure to perform legaly required duties, cause the deprivation of the plaintiff's constitutionally protected rights. **Johnson**, 588 F.2d. at 743. Thus, to avoid the resondant superior bar, the plaintiff must allege personel acts by the defendants which have a direct casual connection to the constitutional violation at issue. **Sanders** vs. **Kennedy** 794 F. 2d. 478, 483 (9th Cir 1986).

## CONCLUSION

For the reasons set forth above in this Summary Judgement, shold be granted.

**PROOF OF SERVICE BY MAIL**
BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, __Ronald Bolling__, declare:

I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

__Ronald Bolling__, CDCR #: __H-96413__
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: __Y-202L__
SOLEDAD, CA 93960-0689

On __July 8-2008__, I served the attached:
__Plaintiff's Notice of motion for Summary Judgement__

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

TO: Judge Phyllis J. Hamilton,
Office of the Clerk, U.S. District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California, 94102

TO: A.G.
445 Golden Gate Ave, #11000
San Francisco, California. 94102-3664

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on __July 8-2008__.

__Ronald Bolling__
Declarant

Dear Clerk one for you and one for me, would you please send my copy back (stamped filed) for my Personal File, Thank You

Sincerely yours,

Ronald Bolling

Ronald Bolling



To: Honorable Judge Phyllis J. Hamilton
Office of the Clerk, U.S. District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, California, 94102

R. Bolling H-36413
P.O. Box 689
Soledad, CA, 93960

**RECEIVED**

JUL 14 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

O. FIORENTINO 7/8/0