UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

RONALD BOLLING,

    Plaintiff,

    v.

B. CURRY, Warden; LINA MANGLIEMOT, RN; BARBARA AMRHEIM, SRN II; J. ABOYTES and P. G. DENNIS, Appeals Coordinators; and N. GRANNIS, Chief, Inmate Appeals Branch,

    Defendants.

    /

No. C 07-3820 PJH (PR)

**ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE AND MOTION FOR APPOINTMENT OF COUNSEL; SCHEDULING ORDER**

This is a civil rights case brought pro se by a state prisoner. In his amended complaint plaintiff presented only one claim, against defendant Mangliemot, a nurse. He alleged that she refused his request for medical care on a weekend; it turned out he was having a stroke, which he contends has left him with slowness of speech, impaired memory, and slow thought processes. In its screening order the court ordered service on Mangliemot. After great difficulty in obtaining service, Mangliemot now has entered an appearance by private counsel. As a result, plaintiff's motion for a renewed attempt at service on her (document number 23 on the docket) is **DENIED** as moot.

Plaintiff also has moved for appointment of counsel.

There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff appears able to present his claims adequately, and the issues are not complex. The motion for appointment of counsel (document number 26 on the docket) is **DENIED**.

Defendant Mangliemot filed an answer on June 1, 2010. The court's order of service calculated the deadline for filing a dispositive motion from the date of service, which at this point is not known to the court. In view of the age of this case, Mangliemot must file a dispositive motion, or a notice that one is not in order, within thirty days of the date this order is entered. Plaintiff's opposition shall be filed within thirty days of the date of service of the dispositive motion, and a reply, if any, is due within fifteen days of service of the opposition. Requests for extensions of time are discouraged.

**IT IS SO ORDERED.**

Dated: August 23, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.07\BOLLING432.aty.wpd