UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

RONALD BOLLING,

        Plaintiff,

       v.

B. CURRY, Warden; LINA MANGLICMOT, RN; BARBARA AMRHEIM, SRN II; J. ABOYTES and P. G. DENNIS, Appeals Coordinators; and N. GRANNIS, Chief, Inmate Appeals Branch,

        Defendants.
                                     /

No. C 07-3820 PJH (PR)

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

This is a civil rights case brought pro se by a state prisoner. In his amended complaint plaintiff presented only one claim, against defendant Manglicmot, a nurse. He alleged that she refused his request for medical care on a weekend, and that it turned out he was having a stroke. Defendant has moved for summary judgment, plaintiff has opposed the motion, and defendant has replied. For the following reasons, the motion will be granted.

**DISCUSSION**

**A.    Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

**B.   Analysis**

Plaintiff contends that defendant was deliberately indifferent to a serious medical need when she failed to obtain medical care for a headache that turned out to be a stroke. Defendant contends that there is no genuine issue as to the facts and that she was not deliberately indifferent.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps

2

to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

It is undisputed that on September 17, 2006, plaintiff was seen by the defendant, who was the triage nurse, and that he complained to her that he had a headache and that his right eye was twitching. She prescribed painkillers and told him to see a doctor the next day if the pain persisted, which he did.

The doctor who saw plaintiff the next day diagnosed the problem as "possible trigemenal neuralgia," or "CNS lesion (doubtful)," or "cranial arteritis."[1] Decl. Pedevilla, Ex. A (medical record 9/18/06). The doctor ordered a CT scan, which found "no evidence of intercranial abnormalities." *Id.* at Ex. B. When plaintiff was seen by a doctor on September 27, 2006, the doctor noted that the scan showed no evidence of a stroke and diagnosed a muscle tension headache. *Id.* at Ex. C. On the other hand, plaintiff has provided a cover page form from his medical file that lists his medical problems. It includes an entry "CVA 9/16/06." Mot. to Supplement R., Ex. B. The court need not consider whether plaintiff's cover page evidence can properly be considered (defendant contends that it is not authenticated and is hearsay), because even assuming that it is in proper form, the existence of a genuine issue of material fact as to whether plaintiff suffered a stroke is irrelevant to the question whether defendant was deliberately indifferent on September 17, 2006.

Plaintiff adds in his opposition to defendant's declaration that he told her that his

---

[1] In her motion for summary judgment, defendant interprets this entry as ""possible trigeminal neuralgia, a possible lesion from a stroke, or a possible cranial arteritis. [citation omitted.] The doctor believed, however, it was doubtful that a stroke was the explanation." Mot. Summ. J. at 6. The reference to a "lesion from a stroke" may be caused by a misreading of the doctor's entry as "CVA," but the third letter clearly is an "S," not an "A," and the second letter is most likely an "N" rather than a "V." Decl. Pedevilla, Ex. A.

3

head felt "like a 'nail' went through" it, and that his eye twitch was "up to 50 times a minute." Opp'n to Decl. Manglicmot at 1. He also says that he had slurred speech and "light tenderness." *Id.* Plaintiff was warned in the court's order of service that to defeat a motion for summary judgment he would have to provide evidence in proper form; the opposition to Manglicmot's declaration is not signed under penalty of perjury, so does not function as a declaration, and although the medical record he cites in support of his statement does record that he made those complaints, it applies to September 18, 2006, not September 17. *See id.* at 10 (absence of verification); *id.*, Ex. B at 5 (medical record). Thus, even if the lack of authentication of this medical record were disregarded, that record would not create a genuine issue of material fact as to what he told Manglicmot on September 17th.

It is undisputed that when she saw plaintiff, defendant took his vital signs and found them all within normal range or slightly below. Decl. Manglicmot at ¶¶ 11. She also determined that he was "alert to time, place and person" – "awake, alert and able to answer all questions appropriately." *Id.* at ¶ 12. From the absence of fever she ruled out meningitis, from his alertness she ruled out encephalitis, from the lack of weakness she ruled out a brain tumor, from the absence of fever, vision loss, and jaw pain, she ruled out cranial arteritis. *Id.* at ¶ 13. And she ruled out stroke because he was alert and oriented, had a normal pulse, had normal breathing, walked without difficulty, and "demonstrated no other symptoms that would have suggested a possible stroke." *Id.* at ¶ 14.

As noted above, a prisoner claiming deliberate indifference to a serious medical need must show that the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and also that the officer actually drew the inference. *See Farmer*, 511 U.S. at 837. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). Plaintiff bears the burden of proving this at trial and defendant has asserted in her motion for summary judgment that there is no evidence to show it, so it is plaintiff's burden now to provide evidence that would show that defendant knew of the risk of harm. *See*

4

*Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1102. The evidence summarized above, however, contains nothing that would show that defendant knew plaintiff had had a stroke – if indeed he did have one – and her actions in caring for him could not have been deliberate indifference. The motion will be granted.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (document number 30 on the docket) is **GRANTED**. Plaintiff's motion to supplement the record (document 33) is **DENIED** as moot. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 30, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.07\BOLLING432.SJ.wpd